UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAE GOTTLIEB,<br><br>                Plaintiffs,<br><br>          v.<br><br>MIRAC BAYRAM, *also known as Flop, also known as Miss Flop*,<br><br>                Defendant. | 24-CV-1707 (JAV)<br><br>**ORDER** |

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff has filed this action for defamation. Defendant has never appeared in this case. Although Plaintiff previously sought a certificate of default from the Clerk of Court, the application was rejected due to procedural deficiencies in the filing. District Court Judge Lorna G. Schofield, the judge previously assigned to this matter, ordered Plaintiff to file a memorandum of law demonstrating how the Complaint in this matter plead facts sufficient to show (a) personal jurisdiction over Defendant and (b) each of the elements of a defamation claim, including false statements about the Plaintiff, or to file an amended complaint. ECF No. 27. Plaintiff elected to file a memorandum of law addressing the points raised by the Court. ECF No. 30.

Many of the allegations in the Complaint do not appear to state a claim for defamation, as they largely concern threatening statements Defendant allegedly made regarding Plaintiff, rather than false statements of fact. *See, e.g.*, *Celle v. Filipino Rep. Enters. Inc.*, 209 F.3d 163, 178 (2d Cir. 2000) (to be actionable under New York law, statements must assert or imply false statements of fact regarding the plaintiff). The Complaint does allege, however, that Defendant called a city agency and reported that Plaintiff had abused a six-year old child. ECF No. 6 ("Compl."), ¶¶ 62-64. According to the Complaint, this led the City to send investigators to

Plaintiff's home, search her apartment, and commence an investigation. *Id.* These allegations are facially sufficient to plead a claim of defamation under New York law. *See, e.g.*, *Solis v. Aguilar*, 170 N.Y.S. 3d 139, 141 (2d Dep't 2022) (holding that allegations that defendant made false reports to the police and New York State Child Abuse and Maltreatment Register were sufficient to state a claim for defamation).

With respect to the personal jurisdiction issue, Plaintiff cites N.Y. C.P.L.R. 302(a)(1), which permits the exercise of personal jurisdiction over a non-domiciliary that "transacts any business within the state," where the cause of action arose from that transaction of business. *SPCA of Upstate New York, Inc. v. American Working Collie Ass'n*, 903 N.Y.S. 2d 562, 563 (3d Dep't 2010). New York courts construe this provision "more narrowly in defamation cases than they do in the context of other sorts of litigation." *Id.* (cleaned up). A non-domiciliary transacts business within the meaning of Section 302(a)(1) when the non-domiciliary has undertaken purposeful acts to avail themselves of the privilege of conducting activities withing the state, including where the individual uses electronic or telephonic means to project themselves into New York. *Paterno v. Laser Spine Institute*, 24 N.Y.3d 370, 376 (2014). In the defamation context, however, there must be more than a single act of uttering a defamatory statement. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 248 (2d Cir. 2007) (New York's Long Arm Statute requires "more than the distribution of a libelous statement . . . within the state.").

The Complaint alleges that, in addition to the false report regarding child abuse, Defendant frequently called the New York Police Department to "swat" Plaintiff. Compl., ¶ 60. The allegations that Defendant's purposeful actions led to a resultant expenditure of state public resources, including unnecessary investigations and police action, are sufficient to establish that Defendant availed himself of the privilege of conducting business in New York within the meaning of Section 302(a)(1).

Plaintiff shall file a motion for default judgment, in accordance with the Court's Individual Rules and Practices for Civil Cases, **within two weeks of the date of this Order**. Plaintiff should familiarize herself with Local Civil Rules 55.1 and 55.2, which, along with Rule 55 of the Federal Rules of Civil Procedure and the Court's Individual Rules, govern default judgment motion practice before this Court.  Per Local Civil Rule 55.2, a party seeking default judgment must append to the motion a Clerk's Certificate of Default, which may be obtained by following the procedure described in Local Civil Rule 55.1.  To be clear: Plaintiff must file a **motion** for default judgment, *not* merely a request for a Clerk's Certificate of Default, by the above deadline.

If Plaintiff's counsel submits calculations in support of any motion for default judgment, Plaintiff's counsel shall also email native versions of the files with the calculations (i.e., versions of the files in their original format, such as in ".xlsx") to Chambers at VargasNYSDChambers@nysd.uscourts.gov.  If or when a motion for default judgment is filed, the Court will enter a further Order setting a deadline for any opposition and reply and scheduling a show cause hearing.  If no motion for default judgment is filed by the deadline set forth above, the case may be dismissed for failure to prosecute without further notice to the parties.

Plaintiffs shall serve a copy of this Order electronically and/or by first-class mail on Defendants **within two business days from the date of this Order** and shall file proof of such service **within three business days of the date of this Order**.

Dated: October 21, 2025
      New York, New York

_____
JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE

3